STOKER, Judge.
This case was begun as a petitory action. Upon reviewing the briefs of counsel and the concessions made as to the issues, we conclude that there are no issues before us on appeal and the appeal should be dismissed.
The trial court found that the defendants proved they held the south one-half of the property in question through acquisitive prescription and maintained an exception of prescription as to the south one-half.[2] The trial court (without purporting to so hold) stated in reasons for judgment that the north one-half was “titled in the Congregation of the Church of God.” The Congregation of the Church of God was not made a party to plaintiff’s suit so it could not be affected by the trial court’s reasons for judgment even if the trial court meant to make a definitive finding as to the north one-half of the property.
The plaintiff appeals the trial court’s judgment. Through the brief filed on his behalf in this court of appeal plaintiff acquiesces in the trial court’s action maintaining defendants’ exception of prescription as to the south one-half of the property. Defendants’ position, as stated in their brief, is that the north one-half of the property belongs to the Congregation of the Church of God, that defendants do not claim the north one-half, that they claim the south one-half only and, as to the south one-half, the trial " court was correct in its ruling. Therefore, the plaintiff-appellant and the defendants-appellees have no dispute against each other in this court on appeal.
What is it, then, that plaintiff-appellant seeks on appeal?
Plaintiff-appellant sets forth his position in his brief as follows:
*47 “ISSUES PRESENTED FOR REVIEW
“Plaintiff-appellant does acquiesce in the judgment of the trial court, and its reasons for judgment, as to the court maintaining defendants’ exception of prescription on the South Half of the subject property, and therefore does not appeal from that portion of the judgment. However, the plaintiff-appellant herein is aggreived [sic] by that portion of the judgment finding that the North Half of the subject property is titled in The Congregation of the Church of God; thereby dismissing plaintiffs suit in its entirety. Therefore, plaintiff-appellant maintains and persues [sic] this appeal as to the North Half of the subject property.
“The single issue presented for review by this Honorable Court is simply a factual issue; a determination as to the title and ownership of the North Half of the subject property.”
The brief of plaintiff-appellant concludes with the following prayer addressed to this court:
“Wherefore, for the foregoing reasons, it is respectfully submitted that the judgment of the lower court be set aside and reversed as to the North one-half being titled in the Congregation of the Church of God, and that the case be remanded to the District Court for further proceedings in accordance with the judgment of this Court; or, that this Honorable Court reverse the lower court and render judgment in this matter confirming plaintiff-appellant’s title to the North one-half of the subject property.”
As plaintiff-appellant’s position is so very clear, it is manifest that he seeks no reversal of the trial court’s ruling and judgment as it relates to defendants-appellees and the south one-half of the property. The Congregation of the Church of God is not a party to these proceedings so that any expression of the trial court in its reasons for judgment as to the north one-half cannot affect either the Congregation of the Church of God or Raymond J. Miller, the plaintiff-appellant. As a matter of fact, the judgment (as distinguished from the reasons for judgment) makes no reference to the Congregation of the Church of God and makes no reference to the north and south one-halves of the property. The judgment merely provides that “it is ORDERED, ADJUDGED AND DECREED that the said Exception of Prescription be and it is hereby sustained and that Plaintiff’s suit is dismissed at his costs.”[3] See Keys v. Box, 476 So.2d 1141 (La.App.3d Cir.1985).
Aside from the logic of our position stated above, we consider that plaintiff-appellant has acquiesced in the judgment of the trial court, at least insofar as it relates to defendants-appellees. Therefore, Article 2085 of the Code of Civil Procedure would apply. That article provides:
“An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.”
For the foregoing reasons, the appeal in this case is dismissed. The costs of the appeal are assessed to Raymond J. Miller, plaintiff-appellant.
APPEAL DISMISSED.

. The entire property in question, i.e., including both the north and south halves is described as follows:
"That certain tract of land lying and being situated in the Parish of St. Martin, State of Louisiana, known, designated and described as being that certain tract of land situated along the northern boundary line of Section Thirty-five (35) in Township Thirteen (13) South Range Twelve (12) East, in the Northeast Quarter Section of said Section, and having a front of Two (2) acres on the west side of Belle River by a uniform depth extending west to the west line of said north-east Quarter Section in said Section Thirty-five (35).”

. We note that the defendants in this case did not restrict their exception of prescription to the south one-half of the property in question, and the judgment presented to the trial judge simply sustains the exception without limiting its effect to the south one-half. The plaintiff-appellant has not complained that the judgment is overly broad. For that reason we do not consider this point to be an issue on appeal.